UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE REGULI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-00713 |
| | ) |
| JAMES CATALANO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Connie Reguli is an attorney. She is suing James Catalano, Robert Hassell, and David Kozloski ("Defendants") for unlawful restraint of trade in violation of the Sherman Act. Ms. Reguli's claim stems from Defendants' actions as members of a hearing panel appointed by the Tennessee Supreme Court ("TSC") to oversee a disciplinary action against Ms. Reguli. Defendants filed a Motion to Dismiss (Doc. No. 13) under Rules 12(b)(1) and 12(b)(6).[1] The Court will grant the motion because Ms. Reguli has not sufficiently alleged an antitrust injury and Defendants are immune from liability for the types of injuries she does allege.

I. BACKGROUND

In May 2018, the TSC's Board of Professional Responsibility ("BPR") filed a Petition for Discipline against Ms. Reguli. (Doc. No. 1 ¶ 14). The TSC appointed Defendants to a hearing panel to oversee proceedings related to the petition. (Id.). Since then, there have been extensive proceedings in Ms. Reguli's case. (Id. ¶¶ 14–52).

On September 14, 2021, Ms. Reguli filed a complaint ("Complaint") in this Court. (Id.). She claims Defendants have placed an unlawful restraint on her ability to practice law. (Id. ¶ 12).

---

[1] The Federal Rules of Civil Procedure are referred to as the "Rules" herein.

The Complaint alleges Defendants have engaged in a variety of misdeeds, including "(1) prejudicial failure to consider discovery motions consistent with . . . Tenn. R. Civ. Proc. 33, 34, 36, and 37; (2) unlawful denial of access to witnesses; (3) quashing subpoenas without authority; (4) permitting unauthorized participation by [a government attorney]; (5) unauthorized sua sponte limitation of Plaintiff's witness list; (6) setting unattainable deadlines; and (7) sua sponte limiting trial access." (Id.).

Defendants filed their Motion to Dismiss on October 5, 2021. (Doc. No. 13). The motion has been fully briefed. (Doc. Nos. 13-1, 18, 23).

## II.   LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must meet Rule 8(a)(2)'s pleading standard. See Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (a plaintiff must raise enough factual matter to show plausible liability). Rule 8(a)(2) requires complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Taken together, the "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft 556 U.S. at 678). In reviewing a motion to dismiss, a court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." Courtright v. City of Battle Creek, 839 F.3d 513, 518 (6th

## III. ANALYSIS

The Court will dismiss the Complaint because it does not adequately allege an antitrust injury and Defendants are immune from liability for the injuries the Complaint does allege.

*First*, Ms. Reguli has not adequately alleged an antitrust injury. "For a plaintiff to successfully bring an antitrust claim under Section 1 of the Sherman Act, the plaintiff must establish that the defendant's actions constituted an unreasonable restraint of trade which caused the plaintiff to experience an antitrust injury." In re Se. Milk Antitrust Litig., 739 F.3d 262, 269 (6th Cir. 2014). An "antitrust injury" must "stem[] from a competition-*reducing* aspect or effect of the defendant's behavior." See Atl. Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 344 (1990). At the time the Complaint was filed, Ms. Reguli had not yet been suspended from practicing law.[2] The Complaint only describes proceedings overseen by Defendants that might later result in Ms. Reguli's suspension. (Doc. No. 1 ¶¶ 14–52). Because the Complaint describes neither a restraint on Ms. Reguli's trade nor a competition-reducing effect of Defendants' behavior, it does not sufficiently allege an antitrust injury.

*Second*, Defendants are immune from liability for the "injuries" the Complaint does describe. Judicial immunity bars suits for damages against judges for "all actions taken in the judge's official capacity unless they were taken in the complete absence of jurisdiction." Manookian v. Flippin, No. 3:19-CV-00350, 2020 WL 978638, at *5 (M.D. Tenn. Feb. 28, 2020).

---

[2] The Court understands based on sources outside the pleadings that, since the Complaint was filed, the TSC suspended Ms. Reguli from practicing law. (See Doc. No. 34). However, the Court will not consider that information in this Memorandum Opinion and Order because courts evaluate motions to dismiss "without resort to matters outside the pleadings." Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680 (6th Cir. 2011). Further, the post-Complaint actions of the TSC (which is not named as a party in this lawsuit) are not relevant to the liability of Defendants for the actions alleged in the Complaint.

3

Similarly, plaintiffs may not recover damages from "non-judicial officers performing quasi-judicial duties." Id. (citation and quotation omitted). "Quasi-judicial immunity has been extended to members of professional licensing or disciplinary boards that perform investigatory, prosecutorial or judicial functions." Id. That is the situation presented here. Defendants are members of a hearing panel appointed by the TSC acting as judges under its disciplinary processes. (Doc. No. 1 ¶ 2). And the injuries Ms. Reguli alleges all stem from Defendants' actions as members of that panel. (Id. ¶ 12 (describing how Defendants allegedly injured Ms. Reguli by, among other things, "limiting [her] witness list," "setting unattainable deadlines," and "limiting trial access")). Accordingly, Defendants are immune from Ms. Reguli's request for damages.

Sixth Circuit precedent supports this conclusion. In 2011, the TSC suspended Herbert Moncier from practicing law. Moncier v. Jones, 557 F. App'x 407, 408 (6th Cir. 2014). Mr. Moncier sued Nancy Jones, who was the Chief Disciplinary Counsel for the BPR. Id. He claimed that the BPR's disciplinary proceedings, which had resulted in his suspension, "violated a slew of his constitutional rights." Id. He sought to hold Ms. Jones responsible. Id. The district court dismissed Mr. Moncier's claim and the Sixth Circuit affirmed. Id. at 409. It found that because the "conduct Moncier alleged violated his rights occurred while Jones was performing her official role as Chief Disciplinary Counsel," Ms. Jones was "entitled to absolute, quasi-judicial immunity from [the] damages claim against her personally."[3] Id. Defendants' positions as hearing officers of Ms. Reguli's hearing panel require exercise of judicial discretion more that of Ms. Jones. Surely

---

[3] It appears Ms. Reguli seeks damages from Defendants based on her claims against them in their individual capacities. (Doc. No. 1 ¶ 2). But to the extent damages are sought against Defendants in their official capacities, such claims are barred by Tennessee's Supreme Court Rules. Tenn. Sup. Ct. R. 9 § 17 ("Members of the Board, district committee members, Disciplinary Counsel, staff, and practice monitors shall be immune from civil suit for any conduct in the course of their official duties.")

if Ms. Jones is entitled to quasi-judicial immunity, Defendants are entitled to quasi-judicial immunity.

This Court's prior decision in Manookian lends even further support to Defendants' request for dismissal. There, attorney Brian Manookian was subject to disciplinary proceedings before the BPR. Manookian, 2020 WL 978638, at *1. At the conclusion of the proceedings, based on the BPR's recommendation, the TSC suspended Mr. Manookian. Id. He sued members of the BPR for antitrust and civil rights violations. Id. This Court held the defendants were immune from liability. Id. at *5. It found their actions overseeing Mr. Manookian's proceedings were quasi-judicial, falling "squarely within the duties and obligations delegated by the Tennessee Supreme Court." Id. Manookian, like Moncier, indicates Defendants are protected by quasi-judicial immunity.

Ms. Reguli's contrary arguments are unpersuasive. She urges the Court to ignore Manookian and Moncier and focus on the Supreme Court's decision in North Carolina State Board of Dental Examiners v. FTC., 574 U.S. 494 (2015). (Doc. No. 18 at 9). But FTC is legally and factually distinguishable. It did not address quasi-judicial immunity at all. And although it did concern an antitrust claim, the claim looked nothing like Ms. Reguli's lawsuit. See FTC, 574 U.S. at 500. Rather, the claim alleged North Carolina's Board of Dental Examiners committed antitrust violations by sending cease-and-desist letters to non-dentists offering teeth whitening services. Id. The Court finds no reason to apply FTC to the instant case. Moncier and Manookian are better matches.

In sum: Ms. Reguli has not alleged an antitrust injury and Defendants are immune from her requests for damages.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 13) is **GRANTED** and this matter is **DISMISSED**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE